## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
### Eastern Division

UNITED STATES OF AMERICA

                        Plaintiff,

v.                                                   Case No.: 1:19−cr−00226
                                                            Honorable Sunil R. Harjani

Robert M. Kowalski, et al.

                        Defendant.

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, March 22, 2019:

      MINUTE entry before the Honorable Jeffrey T. Gilbert as to Jan R Kowalski: This case was scheduled for a preliminary hearing today 3/22/19 [19]. The hearing is continued to 3/29/19 at 1:15 p.m. for the reasons outlined in this order. A continued hearing concerning Defendant's request that she be allowed to represent herself is set for the same date and time, before the preliminary hearing. Immediately after Defendant's counsel announced that Defendant was ready to proceed with the preliminary hearing this afternoon, Defendant herself asked that she be allowed to file an appearance in this case and represent herself as she is a licensed lawyer. Upon further inquiry, Defendant stated that she wanted to represent herself and have her assigned counsel act as stand−by counsel. Defendant said she wants to represent herself because there are a lot of documents in this case, the facts are complicated, and she does not feel she has had enough time to bring her assigned counsel up to speed sufficiently for him to represent her at the preliminary hearing. The Court suggested that Defendant could sit with her counsel at the counsel table in the courtroom and assist him during the hearing to the extent necessary, but Defendant stated she still wants to represent herself. The Court conducted a preliminary inquiry into Defendant's competence to represent herself in this criminal proceeding and whether she intelligently and voluntarily wished to do so. Defendant stated she is not familiar with federal criminal law or procedure and has never tried a federal criminal case. Defendant came to court without any documents including the complaint in this case that would be the starting point for a preliminary hearing (though her counsel undoubtedly had the complaint with him). It appears that Defendant's counsel was not aware that she would seek to represent herself in this case because he announced he was ready to proceed on her behalf immediately before Defendant requested that she be allowed to file an appearance in this case and proceeded to says she wants to represent herself. During the Courts preliminary colloquy with Defendant, counsel for the United States cited Seventh Circuit case law that emphasized the need to "undertake a meaningful inquiry into a request for self−representation" and cautioned against a summary decision in that regard. United States v. Mancillas, 880 F.3d 297, 302 (7th Cir. 2018). The Court's independent research confirmed "the importance of a thorough and formal inquiry" into whether a defendant's decision to forego experienced counsel and represent herself is made knowingly and intelligently and whether the defendant is competent to represent herself. United States v. Sandles, 23 F.3d 1121, 1126 (7th Cir. 1994). See also United

States v. Volpentesta, 727 F.3d 666, 675–78 (7th Cir. 2013). Moreover, in Volpentesta, the defendant argued on appeal that his waiver of the right to counsel, which was accepted by the District Court, was not knowing and intelligent because "he felt he had no choice but to represent himself in order to put forth an adequate defense." Volpentesta, 727 F.3d at 676. The Seventh Circuit ultimately rejected that argument based in part on the "thorough questioning" and "exhaustive inquiry" conducted by the District Court. Volpentesta, 727 F.3d at 676–77. Defendant here effectively argues that the same concerns about her counsel's preparedness animate her desire to represent herself. She says she feels she needs to represent herself so the preliminary hearing can be held within 14 days of her initial appearance in this court on 3/11/19 [8]. But because Defendant is not now in federal custody by any order of this Court given the Court's Order Setting Conditions of Release [27] and the Appearance Bond entered on 3/20/19 [29], the United States argues and the Court agrees the preliminary hearing in this case does not need to proceed until 4/1/19 which is 21 days after Defendant's initial appearance in this case on 3/11/19 [8]. See Federal Rule of Criminal Procedure 5.1(c). To the extent Defendant remains in the custody of the United States Marshal, that is due to the order of the Bankruptcy Court, not this Court [30]. Therefore, Defendant would seem to have time to prepare her counsel sufficiently for a preliminary hearing in this case, and the Court urges her to use the time between today and 3/29/19 to do so, and also to consider whether she needs to represent herself or whether her interests will be served better by actively assisting her experienced criminal defense counsel in representing her in this case. Under these circumstances, the Court needs time to prepare for a thorough inquiry into Defendant's competence to represent herself and whether her decision to do so is intelligent and voluntary. Toward that end, the United States shall file by 3/27/19 a short memorandum that includes any authority it wants the Court to consider in connection with Defendant's request that she be allowed to represent herself, any questions it believes the Court should ask Defendant at the 3/29/19 hearing, and an outline of the penalties Defendant faces if she is convicted of the charges in the complaint. Finally, to the extent the United States and this Court are incorrect that the preliminary hearing in this case must be held within 21 days of Defendant's initial appearance, the Court finds for all of the reasons discussed above that extraordinary circumstances exist and justice requires the continuance and setting of Defendant's preliminary hearing to 3/29/19 as allowed by Federal Rule of Criminal Procedure 5.1(d). Defendant ordered to appear and be transported by U.S. Marshals Service: Status hearing set for 3/29/2019 at 01:15 PM. Preliminary Examination set for 3/29/2019 at 01:15 PM. Mailed notice (ber, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.