

**FILED**

FEB. 0 6 2020 *AC*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 19 CR 226 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | **MAGISTRATE JUDGE HARJANI** |
| ROBERT M. KOWALSKI and | ) | Violations: Title 18, United States |
| JAN R. KOWALSKI | ) | Code, Sections 152 (1) and (8), and |
| | ) | 157 (1), (2), and (3), and Title 26, |
| | ) | United States Code, Sections 7203 |
| | ) | and 7206(1) |
| | ) | |
| | ) | |
| | ) | Superseding Indictment |

## COUNT ONE

The SPECIAL JULY 2018 GRAND JURY charges:

1.     At times material to this Superseding Indictment:

a.     Defendant ROBERT M. KOWALSKI was an attorney licensed in the State of Illinois, was in the business of real estate management, and had offices at 1918 West Cermak Road, Chicago, Illinois.

b.     Defendant ROBERT M. KOWALSKI conducted personal financial transactions using the bank accounts of business entities at Bank A for which defendant ROBERT M. KOWALSKI was a signatory.

c.     Defendant JAN. R. KOWALSKI, who was defendant ROBERT M. KOWALSKI'S sister, was an attorney licensed in the State of Illinois, had an attorney trust account at Bank B, and had offices at 1918 West Cermak Road, Chicago, Illinois.

1

<u>Robert M. Kowalski's Business Operations</u>

d.      Defendant ROBERT M. KOWALSKI conducted business individually and through business entities, including Indomitable LLC, Piorun Properties LLC, and Burros Blancos LLC, for which defendant ROBERT M. KOWALSKI was managing member and an owner, and Mountain Duck Properties LLC, in which defendant ROBERT M. KOWALSKI had an interest, and through which defendant ROBERT M. KOWALSKI engaged in investment in and construction, management, acquisition and sale of real property.

e.      In or around November 2013, pursuant to a written agreement, defendant ROBERT M. KOWALSKI transferred his interest in 833-57 West Fulton Market Street, Chicago, Illinois to Company A and relinquished any claims against Company A relating to that property and, in exchange, Company A paid $1 million to, and forgave certain debts of, defendant ROBERT M. KOWALSKI.

f.      In or around 2014, defendant ROBERT M. KOWALSKI created Mountain Duck Properties LLC with a nominee owner, used a portion of the $1 million received from Company A to purchase properties and then placed title to certain of those properties in land trusts in which the beneficial owner was Mountain Duck Properties LLC (the Mountain Duck Properties).

g.      Defendant ROBERT M. KOWALSKI had a cause of action in the lawsuit *Robert M. Kowalski v. Mountain Duck Properties LLC,* in the Circuit Court of Cook County, Illinois, 17 CH 13314 (the Mountain Duck Properties Lawsuit), in which defendant ROBERT M. KOWALSKI, represented by defendant JAN R. KOWALSKI, alleged that he, and not the nominee owner, was the sole owner of Mountain Duck Properties LLC, the five related land trusts in which Mountain Duck Properties LLC was a beneficiary, and the Mountain Duck Properties.

h.     Piorun Properties LLC received income from the Chicago Housing Authority in the form of Housing Assistance Payments related to the Mountain Duck Properties and 1099s documenting this income.

i.     Individuals receiving gross income over certain threshold amounts and corporations were required to file annual income tax returns with the Internal Revenue Service, accurately listing the gross income received during the tax year.

j.     Piorun Properties LLC was wholly owned by defendant ROBERT M. KOWALSKI, and in tax year 2015, was required to file a U.S. Corporate Income Tax Return for an S Corporation (Form 1120S with schedules and attachments).   The ordinary income and losses of Piorun Properties LLC required to be reported on the Form 1120S flowed through to defendant ROBERT M. KOWALSKI personally and were required to be reported on defendant ROBERT M. KOWALSKI's U.S. Individual Income Tax Return (Form 1040 with schedules and attachments).

<u>The Divorce Case</u>

k.     Defendant ROBERT M. KOWALSKI was a party to a divorce case in the Circuit Court of Cook County, Illinois, 14 D 6997 (the Divorce Case), in which defendant ROBERT M. KOWALSKI was represented by defendant JAN R. KOWALSKI.

l.     Under the Internal Revenue Code, alimony payments made under a divorce or separation decree or agreement were taken as a deduction from gross income in arriving at the payor's adjusted gross income in the year they were paid, and were taxable income for the party receiving the alimony payments.

m.     Defendant ROBERT M. KOWALSKI was not ordered to make alimony payments to his spouse, nor did he agree to make alimony payments to his spouse, as part of the Divorce Case.

### The Bankruptcy

n.     On or about March 29, 2018, defendant ROBERT M. KOWALSKI filed a petition under Title 11 of the United States Code initiating a Chapter 11 bankruptcy case, *In re Robert M. Kowalski*, 18-09130, in the United States Bankruptcy Court for the Northern District of Illinois (the Kowalski Bankruptcy Case). Defendant ROBERT M. KOWALSKI's spouse was a creditor in the Kowalski Bankruptcy Case.

o.     The filing of a bankruptcy petition automatically stayed collection activity by creditors against the debtor.

p.     The filing of a bankruptcy petition by a debtor created a bankruptcy estate that included all legal or equitable interests of the debtor in property as of the commencement of the case.

q.     A debtor was required to file under penalty of perjury a Statement of Financial Affairs and Schedules making disclosures, including as follows:

i.     The Statement of Financial Affairs required the debtor to identify his businesses and any legal actions.

ii.     Schedule A/B required the debtor to disclose any legal or equitable interests in cash; negotiable instruments, including personal checks, cashier's checks and money orders; incorporated and unincorporated business entities, including LLCs; financial accounts; and claims against third-parties.

r.     A debtor who filed a Chapter 11 bankruptcy petition was a "debtor-in-

4

possession" and charged with certain obligations and responsibilities as if the debtor was a trustee. The debtor-in-possession was a fiduciary for his creditors whose obligations included being accountable for all estate property, and filing both Periodic Reports Regarding Value, Operations and Profitability of Entities in Which the Estate of a Debtor Holds a Substantial or Controlling Interest (Periodic Reports) and Monthly Operating Reports with a Summary of Cash Receipts and Cash Disbursements (Monthly Operating Reports).

s.     In all Chapter 11 cases, the United States Trustee conducted an Initial Debtor Interview at which the United States Trustee explained the debtor-in-possession's duties and obligations, including filing the Periodic Reports and Monthly Operating Reports and opening a Debtor-in-Possession Account into which the debtor-in-possession was required to deposit all funds.

t.     A debtor was required to appear at a Meeting of Creditors and to testify under oath concerning his financial affairs.

u.     Seven days prior to the Meeting of Creditors, a debtor was required to provide to the United States Trustee a copy of the federal income tax return filed with the Internal Revenue Service for the most recent year prior to the commencement of the case. At the Initial Debtor Interview, the United States Trustee at times required that a debtor provide additional documentation, including copies of federal income tax returns filed with the Internal Revenue Service for additional prior years.

v.     On or about April 11, 2018, defendant ROBERT M. KOWALSKI appeared at his Initial Debtor Interview and was instructed by the United States Trustee to provide copies of defendant ROBERT M. KOWALSKI's individual and corporate federal income tax returns filed with the Internal Revenue Service for the tax years 2015, 2016, and 2017.

w.     As of April 11, 2018, defendant ROBERT M. KOWALSKI had not filed with the Internal Revenue Service individual income tax returns or all required business income tax returns for tax years 2013 through 2017.

x.     On or about August 7, 2018, the Bankruptcy Court issued an order removing defendant ROBERT M. KOWALSKI as the debtor-in-possession and appointing a trustee to administer the Kowalski Bankruptcy Case (the Trustee).

y.     On or about November 26, 2018, defendant JAN R. KOWALSKI filed an appearance on behalf of defendant ROBERT M. KOWALSKI in the Kowalski Bankruptcy Case.

2.     Beginning in or around March 2018, and continuing until in or around March 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERT M. KOWALSKI and
JAN R. KOWALSKI,

defendants herein, devised and intended to devise a scheme to defraud, and for the purpose of executing and concealing the scheme and attempting to do so, filed and caused to be filed a petition in a bankruptcy case under Title 11 and documents in a bankruptcy case under Title 11, and made and caused to be made false and fraudulent representations, claims and promises concerning and in relation to a bankruptcy case under Title 11.

Overview of the Scheme

3.     It was part of the scheme that defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI attempted to and did defraud ROBERT M. KOWALSKI's creditors and the Trustee appointed to administer ROBERT M. KOWALSKI's bankruptcy case by concealing at least approximately $567,200 in property belonging to ROBERT M. KOWALSKI's bankruptcy estate, including cash and cash equivalents, interests in corporate entities and trusts, causes of action, interests in real estate, and rents and the rights to collect rents.

4.     It was further part of the scheme that defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI used defendant JAN R. KOWALSKI's attorney trust account both:

a.     to conceal funds which were property of ROBERT M. KOWALSKI's bankruptcy estate from defendant ROBERT M. KOWALSKI's creditors and the Trustee; and

b.     to engage in transactions with funds which were property of ROBERT M. KOWALSKI's bankruptcy estate for the purpose of concealing defendant ROBERT M. KOWALSKI's interest in those funds and in property acquired with those concealed funds.

Property of the Bankruptcy Estate Concealed at the Time the Bankruptcy Was Filed

5.     It was further part of the scheme that, on or about March 29, 2018, defendant ROBERT M. KOWALSKI filed a petition initiating the Kowalski Bankruptcy Case, during the pendency of which defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed from creditors and the Trustee property of defendant ROBERT M. KOWALSKI's bankruptcy estate, including the following interests of defendant ROBERT M. KOWALSKI, which he held at the time the petition was filed:

a.     At least approximately $364,600 in cash equivalents;

b.     Mountain Duck Properties LLC and the five related land trusts; and

c.     The Mountain Duck Properties Lawsuit.

6.     It was further part of the scheme that, on or about April 25, 2018, defendant ROBERT M. KOWALSKI filed in the Kowalski Bankruptcy Case a Statement of Financial Affairs and a Schedule A/B in which defendant ROBERT M. KOWALSKI concealed from his creditors his interests, including at least approximately $364,600 in cash equivalents, Mountain Duck Properties LLC and the five related land trusts, and the Mountain Duck Properties Lawsuit, all by intentionally omitting his interests in those properties.

Post-Filing Fraud

Property of the Bankruptcy Estate Acquired and Concealed During the Bankruptcy

7.     It was further part of the scheme that, beginning in or around March 2018, following the filing of his bankruptcy petition, defendant ROBERT M. KOWALSKI continued to operate his real estate management business through business entities and opened a Debtor-in-Possession Account at Bank C, but defendant ROBERT M. KOWALSKI concealed from his creditors and the Trustee the income he obtained by not depositing income into the Debtor-in-Possession Account and by filing Periodic Reports and Monthly Operating Reports in which he did not account for a material amount of his income.

8.     It was further part of the scheme that, from in or around March 2018 through March 2019, defendant ROBERT M. KOWALSKI collected and possessed approximately $34,600 in rent checks payable to defendant ROBERT M. KOWALSKI or bearer, which he concealed from his creditors and the Trustee by depositing the checks in the accounts of Indomitable LLC and Piorun Properties LLC, negotiating the checks for cash at currency exchanges, or holding them, instead of depositing the checks into the Debtor-in-Possession Account or tendering the checks to the Trustee.

9.     It was further part of the scheme that, from in or around April through July 2018, defendant ROBERT M. KOWALSKI concealed from his creditors funds in the accounts of LLCs he controlled by using approximately $143,000 of those funds to purchase cashier's checks payable to third parties for defendant ROBERT M. KOWALSKI's benefit.

10.     It was further part of the scheme that, on or about May 24, 2018, at a Meeting of Creditors, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed from defendant ROBERT M. KOWALSKI's creditors his interest in Mountain Duck Properties LLC

and the five related land trusts, by defendant ROBERT M. KOWALSKI falsely testifying under oath in the presence of defendant JAN R. KOWALSKI that he did not have an interest in Mountain Duck Properties LLC.

11.     It was further part of the scheme that, on or about August 7, 2018, defendant ROBERT M. KOWALSKI attempted to use the Kowalski Bankruptcy Case to stay the Divorce Case.

Use of the Attorney Trust Account to Conceal Property of the Bankruptcy Estate

12.     It was further part of the scheme that, from in or around August through October 2018, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed from defendant ROBERT M. KOWALSKI's creditors and the Trustee approximately $352,100 in cashier's checks for which defendant ROBERT M. KOWALSKI was both the remitter and the payee, by depositing the cashier's checks into defendant JAN R. KOWALSKI's attorney trust account, instead of tendering the cashier's checks to the Trustee.

13.     It was further part of the scheme that, in or around September through October 2018, defendant ROBERT M. KOWALSKI collected and possessed approximately $3,400 in rent checks payable to defendant ROBERT M. KOWALSKI, which defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI then concealed from defendant ROBERT M. KOWALSKI's creditors and the Trustee by causing the checks to be deposited into defendant JAN R. KOWALSKI's attorney trust account, instead of tendering the checks to the Trustee.

Providing False Income Tax Returns

14.     It was further part of the scheme that, in or around May 2018, defendant ROBERT M. KOWALSKI prepared and filed individual and business federal income tax returns with the Internal Revenue Service and then, on or about June 12, 2018, provided to the United States

Trustee certain individual and business federal income tax returns which were materially false, including as follows:

a.  defendant ROBERT M. KOWALSKI's 2015, 2016, and 2017 U.S. Individual Income Tax Returns (Forms 1040 with schedules and attachments) overstated deductions and understated adjusted gross income;

b.  Piorun Properties LLC's 2015 U.S. Corporate Income Tax Return (Form 1120S with schedules and attachments) understated income in that it did not report income that Piorun Properties LLC received from the Chicago Housing Authority related to the Mountain Duck Properties; and

c.  Piorun Properties LLC's 2015 U.S. Corporate Income Tax Return (Form 1120S with schedules and attachments) was not a copy of the 2015 corporate return filed with the Internal Revenue Service.

Use of the Attorney Trust Account to Engage in
Transactions to Conceal Property of the Bankruptcy Estate

15.  It was further part of the scheme that, in or around June, July and October 2018, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed from defendant ROBERT M. KOWALSKI's creditors and the Trustee approximately $96,600, including funds which defendants had concealed in defendant JAN R. KOWALSKI's attorney trust account, by using those funds, as described in paragraphs 16 and 17 below, to purchase 6821 West 96th Street, Oak Lawn, Illinois (the Oak Lawn Property), in the name of a nominee for defendant ROBERT M. KOWALSKI (the Nominee).

16.  It was further part of the scheme that, on or about June 18 and July 24, 2018, defendant ROBERT M. KOWALSKI concealed from defendant ROBERT M. KOWALSKI's creditors and the Trustee approximately $21,000, which he used to purchase cashier's checks

payable to the Nominee, then caused the checks to be deposited into the Nominee's bank account and then caused the funds to be wired on or about October 12, 2018, to a title company account to fund the purchase of the Oak Lawn Property.

17.     It was further part of the scheme that, on or about October 12, 2018, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed from defendant ROBERT M. KOWALSKI's creditors and the Trustee approximately $75,600, which defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI caused to be wired to a title company account to fund the purchase of the Oak Lawn Property.

18.     It was further part of the scheme that, on or about September 13, 2018, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed from defendant ROBERT M. KOWALSKI's creditors and the Trustee approximately $2,500 which defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI had concealed in defendant JAN R. KOWALSKI's attorney trust account by using the funds as earnest money in an attempt to purchase 9441 South Indiana Avenue, Chicago, Illinois, in the name of a fictitious trust of which defendant ROBERT M. KOWALSKI was the beneficiary.

19.     It was further part of the scheme that, in or around September through October 2018, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed from defendant ROBERT M. KOWALSKI's creditors and the Trustee funds that had been concealed in defendant JAN R. KOWALSKI's attorney trust account by purchasing approximately $350,300 in cashier's checks payable to or for the benefit of defendant ROBERT M. KOWALSKI.

20.     It was further part of the scheme that, in or around October through December 2018, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed funds from defendant ROBERT M. KOWALSKI's creditors and the Trustee through defendant JAN R. KOWALSKI

11

depositing into her attorney trust account approximately $325,900 of the cashier's checks that defendant JAN R. KOWALSKI had purchased as described in paragraph 19 above.

21.     It was further part of the scheme that, in or around October through December 2018, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed funds from defendant ROBERT M. KOWALSKI's creditors and the Trustee through defendant JAN R. KOWALSKI's withdrawal of approximately $241,800 in United States currency from defendant JAN R. KOWALSKI's attorney trust account.

22.     It was further part of the scheme that, in or around August 2018 through March 2019, defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI concealed property of defendant ROBERT M. KOWALSKI's bankruptcy estate by obstructing the efforts of the creditors and the Trustee to obtain records of property of the estate and to locate property of the estate.

23.     It was further part of the scheme that defendants ROBERT M. KOWALSKI and JAN R. KOWALSKI, did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, acts done in furtherance of the scheme and the purposes of those acts.

24.     On or about March 29, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI and
JAN R. KOWALSKI,

defendants herein, for the purpose of executing and concealing the above described scheme and attempting to do so, filed and caused to be filed a petition in a proceeding under Title 11, namely, a Chapter 11 bankruptcy case, *In re Robert M. Kowalski*, 18-09130;

In violation of Title 18, United States Code, Section 157(1).

## COUNT TWO

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      The allegations of paragraphs 1 through 23 of Count One are re-alleged here.

2.      On or about April 25, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI and<br>JAN R. KOWALSKI,

defendants herein, for the purpose of executing and concealing the above described scheme and attempting to do so, filed and caused to be filed a document, namely a Statement of Financial Affairs and a Schedule A/B, in a proceeding under Title 11, namely, a Chapter 11 bankruptcy case, *In re Robert M. Kowalski*, 18-09130;

In violation of Title 18, United States Code, Section 157(2).

## COUNT THREE

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      The allegations of paragraphs 1 through 23 of Count One are re-alleged here.

2.      On or about May 24, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI and
JAN R. KOWALSKI,

defendants herein, for the purpose of executing and concealing the above described scheme and attempting to do so, made and caused to be made a false and fraudulent representation, namely that ROBERT M. KOWALSKI that did not have an interest in Mountain Duck Properties, in a proceeding under Title 11, namely, a Chapter 11 bankruptcy case, *In re Robert M. Kowalski*, 18-09130;

In violation of Title 18, United States Code, Section 157(3).

14

## COUNT FOUR

The SPECIAL JULY 2018 GRAND JURY further charges:

1.      The allegations of paragraphs 1 through 23 of Count One are re-alleged here.

2.      On or about January 9, 2019, at Chicago, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI and
JAN R. KOWALSKI,

defendants herein, for the purpose of executing and concealing the above described scheme and attempting to do so, filed and caused to be filed a document, namely a Combined Response to Trustee's Motion For Accounting and Turnover of Estate Funds Against Jan Kowalski and Rule to Show Cause Against Jan Kowalski and Debtor, in a proceeding under Title 11, namely, a Chapter 11 bankruptcy case, *In re Robert M. Kowalski*, 18-09130;

In violation of Title 18, United States Code, Section 157(2).

## COUNT FIVE

The SPECIAL JULY 2018 GRAND JURY further charges:

1.     The allegations of paragraphs 1.n. and 1.x. of Count One are re-alleged here.

2.     From on or about March 29, 2018, through in or around February 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI and
JAN R. KOWALSKI,

defendants herein, knowingly and fraudulently concealed from a trustee charged with the control and custody of property and, in connection with a case under Title 11, namely, *In re Robert M. Kowalski*, 18-09130, from creditors and the United States Trustee, property belonging to the estate of a debtor, namely, ROBERT M. KOWALSKI, to wit, approximately $567,200;

In violation of Title 18, United States Code, Section 152(1).

## COUNT SIX

The SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations of paragraphs 1.n., 1.v., 1.w., and 1.x. of Count One are re-alleged here.

2. On or about June 12, 2018, at Chicago, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI,

defendant herein, after the filing of a case under Title 11, namely, *In re Robert M. Kowalski*, 18-09130, knowingly and fraudulently falsified and made false entries in recorded information relating to the financial affairs of debtor ROBERT M. KOWALSKI, in that defendant caused to be created for the purpose of providing to the United States Trustee individual and business federal income tax returns which were materially false as follows:

a. defendant ROBERT M. KOWALSKI's 2015, 2016, and 2017 U.S. Individual Income Tax Returns (Forms 1040 with schedules and attachments) overstated deductions and understated adjusted gross income; and

b. Piorun Properties LLC's 2015 U.S. Corporate Income Tax Return (Form 1120S with schedules and attachments) understated income in that it did not report rental income that Piorun Properties LLC received from the Chicago Housing Authority related to the Mountain Duck Properties;

In violation of Title 18, United States Code, Section 152(8).

17

### COUNT SEVEN

The SPECIAL JULY 2018 further charges:

1.    The allegations of paragraphs 1.d., 1.e., and 1.i. of Count One are re-alleged here.

2.    Beginning on or about January 1, 2013 and continuing through on or about December 31, 2013, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI,

defendant herein, had and received gross income of at least $10,000, and jointly with his wife had and received gross income of at least $20,000.   By reason of such gross income, defendant was required by law, following the close of the calendar year 2013 and on or before April 15, 2014, to make an income tax return to the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled.   Knowing the foregoing, defendant did willfully fail, on or about April 15, 2014, in the Northern District of Illinois, and elsewhere, to make said income tax returns or return;

In violation of Title 26, United States Code, Section 7203.

## COUNT EIGHT

The SPECIAL JULY 2018 further charges:

1.      The allegations of paragraphs 1.d. and 1.f. through 1.j. of Count One are re-alleged here.

2.      On or about May 21, 2018, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI,

defendant herein, willfully made and subscribed a U.S. Corporate Income Tax Return for an S Corporation on behalf of Piorun Properties LLC (Form 1120S with schedules and attachments), for the calendar year 2015, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

On Form 8825, Rental Real Estate Income and Expense of a Partnership or an S Corporation, line 18a, that the corporation's total gross rents were $73,547, when defendant knew that the corporation received gross rents in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE

The SPECIAL JULY 2018 further charges:

1.      The allegations of paragraphs 1.d. and 1.f. through 1.m. of Count One are re-alleged here.

2.      On or about May 21, 2018, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2015, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

a.      On Form 1040, line 31a, that defendant had paid $252,000 in alimony, when defendant knew he had not paid alimony in that amount; and

b.      On Form 1040, line 37, that defendant's adjusted gross income was $ -217,056, when defendant knew that his adjusted gross income was in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TEN

The SPECIAL JULY 2018 further charges:

1.     The allegations of paragraphs 1.d. and 1.i. through 1.m. of Count One are re-alleged here.

2.     On or about May 21, 2018, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI,

defendant herein, willfully made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2016, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

a.     On Form 1040, line 31a, that defendant had paid $252,000 in alimony, when defendant knew he had not paid alimony in that amount; and

b.     On Form 1040, line 37, that defendant's adjusted gross income was $ -172,308, when defendant knew that his adjusted gross income was in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT ELEVEN

The SPECIAL JULY 2018 further charges:

1.      The allegations of paragraphs 1.d. and 1.i. through 1.m. of Count One are re-alleged here.

2.      On or about May 21, 2018, in the Northern District of Illinois, Eastern Division,

ROBERT M. KOWALSKI,

defendant herein, willfully made and subscribed a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2017, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that defendant falsely represented and stated on said return:

a.      On Form 1040, line 31a, that defendant had paid $252,000 in alimony, when defendant knew he had not paid alimony in that amount; and

b.      On Form 1040, line 37, that defendant's adjusted gross income was $ -94,831, when defendant knew that his adjusted gross income was in excess of the amount reported on the return;

In violation of Title 26, United States Code, Section 7206(1).

22

## FORFEITURE ALLEGATION

The SPECIAL JULY 2018 GRAND JURY further alleges:

1.     Upon conviction of an offense in violation of Title 18, United States Code, Section 152(1), as alleged in Count Five of this Superseding Indictment, each defendant shall forfeit to the United States of America any and all right, title, and interest each may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C).

2.     The property to be forfeited includes, but is not limited to, approximately $567,200.

3.     If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY